ARNOLD MCCANN, Appellant, v. WILLIAM G. KILE, and WILLIAM G. KILE, as Guardian ad Litem of J. WALLACE KILE, an Infant over Fourteen Years of Age, Respondents. (Action No. 1.) JOHANNA LINK, Appellant, v. WILLIAM G. KILE, and WILLIAM G. KILE, as Guardian ad Litem of J. WALLACE KILE, an Infant over Fourteen Years of Age, Respondents. (Action No. 2.) WILLIAM G. KILE, and WILLIAM G. KILE, as Guardian ad Litem of J. WALLACE KILE, an Infant over Fourteen Years of Age, Respondents, v. ARNOLD MCCANN, Appellant. (Action No. 3.) — These three actions for damages for personal injuries and property damage arise out of a collision between two automobiles. The actions, which were consolidated and tried together, resulted in verdicts in favor of the Kiles as defendants in the first two actions, and in their favor as plaintiffs in the third action. McCann and Link, as plaintiffs in the first two actions, and McCann, as defendant in the third action, appeal from the judgment entered on said verdicts, and from an order denying their motions to set aside the verdicts. They also appeal from an order dated March 27, 1940, and a resettled order dated April 19, 1940, denying their motions to set aside the verdicts for misconduct of a juror, Michael Hofmann. Judgment, resettled order dated April 19, 1940, denying appellants' motion to set aside the verdicts because of the misconduct of the juror Michael Hofmann and for a new trial, and order denying appellants' motion to set aside the verdict as against the weight of the evidence, reversed on the law and the motion for a new trial granted, with costs to appellants to abide the event. The appeals from the original order dated March 27, 1940, are dismissed, without costs. It is not disputed that the juror's son Andrew and two others, McGrath and Connors, in February, 1936, had been sued to recover damages for personal injuries sustained by a passenger in Andrew's car, which had collided with automobiles owned or operated by McGrath and Connors. In that action Andrew was represented by Mr. MacCartney, who was the attorney of record for the respondents in the third action and acted as one of their counsel in the trial of the consolidated action. The complaint in the 1936 action was dismissed as against Andrew, but while the action was pending Andrew commenced an action against McGrath and Connors and recovered judgment by default. In the latter action Michael Hofmann was appointed guardian *ad litem* and Mr. MacCartney was the plaintiff's attorney. While there is a dispute as to whether upon his *voir dire* examination Michael Hofmann was asked if he or any member of his family had sued or been sued in a negligence action, and if he ever had any busi-

ness dealing with Mr. MacCartney, nevertheless he failed to disclose the facts above set forth, although he did state that he knew Mr. MacCartney as an attorney. Under the circumstances, in the interests of substantial justice there should be a new trial. It should be stated, however, that we believe Mr. MacCartney was free from fault. He did not know Michael Hofmann and had never met him, although he represented his son Andrew in the two actions above referred to. Lazansky, P. J., Carswell, Johnston, Taylor and Close, JJ., concur.